UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary L. Wise, # 285074, | ) | C/A No. 6:08-181-HFF-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **Report and Recommendation** |
| South Carolina Dept. of Corrections; and | ) | |
| Jon E. Ozmint, Dir., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

–

Plaintiff has filed this matter pursuant to 42 U.S.C. § 1983 against the South

Carolina Department of Corrections (SCDC) and its current director. He alleges they have

been deliberately indifferent to plaintiff's serious medical needs.

A review of the complaint reveals the plaintiff had a massive heart attack in the year

2002. The plaintiff alleges he experienced symptoms of the imminent heart attack such

as severe chest pain, nausea, and vomiting from June 20, 2002 until August 16, 2002.

Plaintiff claims he sought medical attention from SCDC staff on numerous occasions, but

was not properly treated. Consequently, the plaintiff suffered a massive heart attack on

August 16, 2002 when he "fainted in the middle of the prison yard." Plaintiff alleges the

heart attack subjected him to "substantial risk of death" and has permanently damaged

75% of his heart, resulting in "the limited enjoyment of life and the inability to work and

provide food and shelter for himself and his family." He seeks damages.

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915,

28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted

in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

The above-captioned case is time barred under the statute of limitations. *See* § 15-3-530, South Carolina Code of Laws:

[For causes of action arising or accruing on or after April 5, 1988, the following provisions will apply:]

Within three years:

(1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520;

(2) an action upon a liability created by statute other than a penalty or forfeiture;

(3) an action for trespass upon or damage to real property;

(4) an action for taking, detaining, or injuring any goods or chattels including an action for the specific recovery of personal property;

(5) an action for any injury to the person or rights of another, not arising on contract and not enumerated by law, and those provided for in Section 15-3-545;

(6) an action under Sections 15-51-10 to 15-51-60 for death by wrongful act, the period to begin to run upon the death of the person on account of whose death the action is brought;

(7) any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud;

(8) an action on any policy of insurance, either fire or life, whereby any person or property, resident or situate in this State, may be or may have been insured, or for or on account of any loss arising under the policy, any clause, condition, or limitation contained in the policy to the contrary notwithstanding; and

(9) an action against directors or stockholders of a monied corporation or a banking association to recover a penalty or forfeiture imposed or to enforce a liability created by law, the cause of action in the case not considered to have accrued until the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached or the liability was created, unless otherwise provided in the law under which the corporation is organized.

In civil rights cases filed in the District of South Carolina, this court must apply South Carolina's general personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 279-280 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries); *Owens v. Okure*, 488 U.S. 235, 249-250 (1989). South Carolina's applicable personal injury statute of limitations is codified at § 15-3-530,

South Carolina Code of Laws (quoted above), which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. *American National Bank v. Federal Deposit Insurance Corporation*, 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendant(s) in determining under § 1915 whether process should be issued against the defendant(s). *See also Rogers v. Isom*, 709 F. Supp. 115, 117 (E.D.Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed."), *citing Todd v. Baskerville*, *supra*; *See also Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984)("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.")(citation omitted).

In the instant case, plaintiff is bringing his case almost 6 years after the alleged incident. Therefore, his claim is outside the applicable statute of limitations and must be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See*

4

*Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/William M. Catoe
United States Magistrate Judge

Greenville, South Carolina
February 25, 2008

*__The plaintiff's attention is directed to the important notice on the next page.__*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).